# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE | : | CIVIL ACTION NO.: |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| CITI BANK. | : | |
| Defendant | : | DECEMBER 23, 2020 |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

**PLEASE TAKE NOTICE THAT**, pursuant to 28 *U.S.C.* §§ 1332, 1441 and 1446, defendant Citibank N.A. (incorrectly pled as "Citi Bank") ("**Defendant**"), through its undersigned counsel, hereby gives notice of the removal of the action styled *Gregory Paul Violette v. Citi Bank.*, that was served on November 27, 2020, but not timely filed (the "**State Court Action**") from the Superior Court of the State of Maine, Somerset County, to the United States District Court for the District of Maine. In support of this Notice of Removal, Defendant states as follows:

## I.     GROUNDS FOR REMOVAL

1.     28 *U.S.C.* § 1441 establishes when an action is removable. Section 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2.     This Court's subject matter jurisdiction, and the Defendant's basis for removal, is founded upon diversity jurisdiction pursuant to 28 *U.S.C.* § 1332 or, in the alternative, federal question jurisdiction pursuant to 28 *U.S.C.* § 1331 and supplemental jurisdiction pursuant to 28 *U.S.C.* § 1367.

**A.      Diversity Jurisdiction**

3.      28 *U.S.C.* § 1332 states, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state."

4.      Plaintiff Gregory Paul Violette ("Plaintiff") is a resident of Madison, Maine. *See* Summons, Complaint, and Notice Regarding Electronic Service dated November 20, 2020 (the "Summons and Complaint") (attached as **Exhibit A** is a true and accurate copy of the papers served upon CBNA in the State Court Action).

5.      Defendant CBNA is a federally-chartered national banking association. A national banking association's citizenship is determined solely by the location of its main office as designated in its articles of association. *See* 28 *U.S.C.* § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). CBNA's main office is in New York. CBNA is, therefore, a citizen of New York.

6.      As stated in the complaint, Plaintiff alleges that CBNA agreed to remove charges and statements from Plaintiff's credit report with multiple credit bureaus. Plaintiff alleges that the statements of the CBNA account with the credit bureaus were not accurate because CBNA no longer had the account. However, on or about November 19, 2020, Plaintiff alleges that CBNA refused to remove the account or to remove the account fully from three credit bureaus. Plaintiff alleges punitive and exemplary damages in the amount of $550,000.00 and an order removing the account from three credit bureaus.

7.      Based on these facts, removal is proper because Plaintiff's suit is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest

and costs, and is between "(1) citizens of different states; [or] (2) citizens of a State and citizens or subjects of a foreign state." *See* 28 U.S.C. §§ 1332, 1441.

### B. Federal Question Jurisdiction

8. In the complaint, Plaintiff claims that CBNA reported false or inaccurate information to credit reporting bureaus for an account that CBNA did not have. As a result, Plaintiff claims that he has suffered damages. A well-pleaded complaint would have asserted a claim under the Fair Credit Reporting Act ("*FCRA*"), 15 *U.S.C.* § 1681, *et. seq.*

9. This Court therefore has jurisdiction over the *Complaint* pursuant to 28 *U.S.C.* § 1331 as Plaintiff's claim is created by, and arises under, the laws of the United States.

10. Upon removal, this Court would have supplemental jurisdiction over any state law claims pursuant to 28 *U.S.C.* § 1367 (a) and 28 *U.S.C.* 1441 (c), as the state law claims, if any, are so related to the *FCRA* claims such that they form part of the same case or controversy.

## II. VENUE

11. Venue is proper in this district under 28 *U.S.C.* § 1441(a) because the State Court Action was pending in the Superior Court for the State of Maine, Somerset County, is located in this district.

## III. REMOVAL IS TIMELY

12. 28 U.S.C. § 1446 establishes the time frame and procedure to properly effectuate removal.

13. 28 U.S.C. § 1446 (b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

14. To initiate this action, on November 20, 2020, Plaintiff mailed a copy of the Summons, Complaint, and Notice of Electronic Service to CBNA by certified mail. *See* USPS tracking information attached hereto as **Exhibit B**. CBNA was served with the Complaint when it received the certified mail on November 27, 2020. *See* **Exhibit B**. Plaintiff has not timely filed his Complaint as required by *Maine R. Civ. P* 3. Less than thirty days have elapsed since CBNA was served with the Complaint. This Notice of Removal has, therefore, been timely filed.

## IV. ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED

15. 28 *U.S.C.* § 1446 (a) requires defendants seeking to remove a civil action to file "a copy of all process, pleadings, and orders served upon such . . . defendants in such action." The Summons, Complaint, and Notice of Electronic Service are attached as **Exhibit A**.

16. All adverse parties to this action (that is, the Plaintiff) have been provided with written notice of the filing of this removal, as required by 28 *U.S.C.* § 1446 (d), as evidenced by the attached Certificate of Service and by Notice to Parties of Removal directed to Plaintiff and which will be promptly filed in the State Court Action. A copy of the Notice to Parties of Removal to be filed in the Superior Court on this date is attached hereto as **Exhibit C**.

17. There are no other defendants in this matter and therefore, consent of other defendants to this removal is not required.

18. Pursuant to 28 *U.S.C.* § 1446(d), CBNA will promptly notify the Superior Court of the State of Maine for Somerset County, of the filing of this Notice. A copy of the Notice of Removal to be filed in the Superior Court on this date is attached hereto as **Exhibit D**.

WHEREFORE, pursuant to the provisions of 28 *U.S.C.* §§ 1441 and 1446, Defendant Citibank, N.A. hereby removes to this Court the action captioned *Gregory Paul Violette v. Citi*

*Bank.*, served on Defendant on November 27, 2020, from the Superior Court of the State of Maine, Somerset County, to the United States District Court for the District of Maine.

Dated this 23rd day of December, 2020.

>Respectfully Submitted,
>
>DEFENDANT,
>CITIBANK, N.A.
>
>By: */s/ Donald E. Frechette*
>   Donald E. Frechette (ME2936)
>   Locke Lord LLP
>   20 Church Street
>   Hartford, CT 06103
>   Tel. No. (860) 525-5065
>   Fax No. (860) 527-4198
>   Email: donald.frechette@lockelord.com
>   Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2020, a copy of the foregoing was served, via U.S. mail, postage prepaid, on the following:

Gregory Paul Violette
21 Summer Street
Madison, Maine 04950

>By: */s/ Donald E. Frechette*
>   Donald E. Frechette, Esq.