## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE | : | CIVIL ACTION NO.: 1:20-cv-00477-GZS |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| CITI BANK. | : | |
| Defendant | : | JANUARY 19, 2021 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS

Defendant Citibank N.A. (incorrectly pled as "Citi Bank") ("**Defendant**" or "**CBNA**") moves to dismiss the complaint ("***Complaint***") filed by plaintiff Gregory Paul Violette ("**Plaintiff**") that was served on November 27, 2020, and filed in the Superior Court of the State of Maine, Somerset County, on January 4, 2021. The Complaint fails to state a cause of action and was not timely filed in accordance with *Me. R. Civ. P.* 3.

### I.     FACTUAL BACKGROUND

Plaintiff initiated this action pursuant to *Me. R. Civ. P.* 3 by mailing a copy of the *Summons*, *Complaint*, and *Notice of Electronic Service* to CBNA by certified mail. CBNA was served with the *Complaint* when it received the certified mail on November 27, 2020. *See* State Court Docket, Entry No. 11-1 at 2. Plaintiff filed his Complaint on January 4, 2021. *Id*.

The Complaint alleged that Plaintiff had an "LLBean MasterCard account" that was allegedly serviced by CBNA in September 18, 2020. *Complaint*, p. 1. On or about September 18, 2020, Plaintiff alleges he spoke with an unnamed representative of CBNA who stated that if he agreed to pay and did pay a settlement amount (which amount is not stated in the Complaint), CBNA would remove the account from his credit reports. *Id.* On October 28, 2020, another unnamed representative of CBNA told Plaintiff that CBNA no longer serviced the account, but

that CBNA would be "TOTAL[LY] REMOVING the account from the credit bureaus over the next 7 to 10 days." *Id.* (emphasis in original). Then, according to Plaintiff, on November 19, 2020, another unnamed representative of CBNA informed Plaintiff that CBNA would not "remove the account fully from the three bureaus." *Id.*, p. 2. Plaintiff alleges CBNA's refusal violated the agreement he made with CBNA in October, 2020. *Id.* He also avers that CBNA "should NOT be reporting on an account they do NOT have." *Id.* (emphasis in original). The *Complaint* does not allege whether Plaintiff ever paid the alleged settlement amount.

Plaintiff seeks "punitive damages and exemplary damages in the amount of $550,000.00" and asks that the account be fully removed from the three credit bureaus. *Id.*

## II.    STANDARD OF LAW

Dismissal pursuant to *Fed. R. Civ. P.* 12 (b) (6) is appropriate when a complaint fails to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570 (2007). Facial plausibility requires factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court must presume that all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Fitzgerald v. Harris*, 549 F.3d 46, 52 (1st Cir. 2008). In contrast, legal conclusions are not entitled to a presumption of truth, and a plaintiff's factual allegations must constitute "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A pro se plaintiff's complaint may be held to less stringent standards than those drafted by attorneys, however it still must state sufficient facts to state a claim. *See Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

### III.  ARGUMENT

The Complaint alleges that CBNA reported false or inaccurate information to credit reporting bureaus for an account that CBNA did not have, and that it should have removed the information from Plaintiff's credit reports. As such, Plaintiff is either asserting a claim under state law related to credit reporting that is preempted by the *Fair Credit Reporting Act* ("*FCRA*"), 15 *U.S.C.* § 1681, *et. Seq.*, or, alternatively, attempting, but failing, to assert a claim under the *FCRA*. Additionally, even if it is not preempted, the *Complaint* does not set forth a cognizable claim for breach of contract because, among other things, Plaintiff fails to allege that the alleged agreement was supported by any consideration. Finally, the *Complaint* should be dismissed for Plaintiff's failure to timely file it after serving CBNA.

### A.  Plaintiff has not set forth a claim related to credit reporting.

The Complaint seeks $550,000.00 in damages and an order requiring CBNA to completely remove the referenced account from the three major credit reporting agencies. To the extent such a claim is based on any state common law cause of action, it is barred by the *FCRA*. The Complaint also fails to set forth a sufficient cause of action under the *FCRA*.

#### 1.  The FCRA preempts Plaintiff's state law claim

The *Complaint* alleges that Plaintiff and CBNA reached an oral agreement to totally remove Plaintiff's account from the three major credit reporting agencies, but that CBNA failed to remove the account, ostensibly because it no longer serviced the same. *Complaint*, pp. 1-2. Because CBNA has not removed the account from the credit reporting agencies, Plaintiff seeks not only $550,000.00 in damages but also an order compelling CBNA to do so. *Id.*, p. 2. This claim is related to credit reporting by a furnisher of information and thus is completely preempted by the *FCRA*.

This Court has previously observed that the "*FCRA* preempts state law claims." *Poulin v. The Thomas Agency*, 708 F. Supp. 2d 87, 90 (D. Me. 2010). This preemption is based on two provisions of the *FCRA*. First, section 1681h(e) explicitly preempts actions sounding in "defamation, invasion of privacy, or negligence." Second, "section 1681t(b) provides that states may not impose requirements or prohibitions on any subject matter regulated by section 1681s-2" which "sets forth the duties incumbent upon a furnisher of information to a credit reporting agency, which includes the duty to refrain from reporting information known to be false."[1] *Poulin*, 708 F. Supp. 2d at 90.

While this Court in *Poulin* specifically considered claims styled as invasion of privacy and interference with an economic advantage, the same analysis applies to the claim in the *Complaint*. Every Court of Appeal that has considered state common law claims has held that the *FCRA* preempts all claims that relate to the duty of a furnisher of information to report accurate information to a credit reporting agency. The Sixth Circuit held that "the *FCRA* preempts Plaintiffs' claims of breach of the duty of good faith and fair dealing and tortious interference with contractual relationships because these claims relate to [the furnisher of information's] reporting obligations." *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 519 (6th Cir. 2019). The Second Circuit has similarly held that the *FCRA* preempts not only statutory claims but also breach of contract or tortious interference with a contract causes of action. *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103 (2d Cir. 2009).

As noted above, section 1681t(b) states, "No requirement or prohibition may be imposed under the laws of any State-- (1) with respect to any subject matter regulated under-- (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to

---

[1] For reasons stated in section B below, the *Complaint* also does not set forth a sufficient claim under section 1681s-2.

consumer reporting agencies…" "No requirement or prohibition may be imposed under the laws of any State" would, of course, include the requirement imposed under state common law to pay damages or other relief for a breach of contract.

Here, the *Complaint* "relate[s] to the responsibilities of persons who furnish information to consumer reporting agencies." Specifically, it alleges that CBNA reported information concerning an LLBean Mastercard account to some credit reporting agencies. Notably, it does not allege that the reported information was not complete or not accurate. It does, however, assert that the information that CBNA reported should be "total[ly] removed" either (1) because CBNA allegedly no longer services the account or (2) because CBNA allegedly agreed to completely remove the account from the reporting agencies' file. It does not matter whether the Complaint's cause of action sounds in tort (that CBNA's conduct violated some duty to report accurate information) or in contract (that CBNA's reporting violated an agreement with the Plaintiff). Any such claim "relate[s] to the responsibilities of persons who furnish information to consumer reporting agencies" and is completely preempted by the *FCRA*. *See Poulin*, 708 F. Supp. 2d at 90.

### 2. The Complaint fails to state a legally-sufficient claim under the *FCRA*

The *Complaint* fails to state that Plaintiff ever sent a notice regarding a dispute of any information on his credit report to any consumer reporting agency, or that such agency sent a notice of the dispute to CBNA, and therefore fails to state a claim under the *FCRA*. Moreover, the Complaint fails to allege any damages, which is an essential element of an *FCRA* claim.

If a consumer believes information in a credit report is incomplete or inaccurate, the consumer must first send a notice of the dispute to the consumer reporting agency, who then sends notice to the furnisher of information. 15 U.S.C. § 1681i(a). Only after the furnisher

receives that notice of dispute from the consumer reporting agency does the furnisher have any obligation to review the completeness or accuracy of the information stated on a credit report. 15 U.S.C. §1681s-2(b)(1).[2]  Indeed, pursuant to 15 U.S.C. § 1681s-2(c), a furnisher of information has no liability under the *FCRA* to a consumer[3] except as regards a failure to follow the requirements to review the completeness or accuracy of a report in response to a notice of dispute from the credit reporting agency. *Gagnon v. Pennsylvania Higher Educ. Assistance Agency*, No. 1:20-CV-00381-JAW, 2020 WL 7265843, at *5 (D. Me. Dec. 10, 2020) ("a furnisher can only violate [section 1681s-2(b)] after a [consumer reporting agency] notifies the furnisher that a plaintiff disputes credit information"), *citing Chiang v. Verizon New Eng.Inc.*, 595 F.3d 26, 35-36 (1st Cir.2010); *Hamilton v. Fed. Home Loan Mortg. Corp.,* No. 2:13-CV-00414-JAW, 2014 WL 4594733, at *22 (D. Me. Sept. 15, 2014) (dismissing *FCRA* counts where consumer did not file a dispute with a CRA prior to filing suit); *Turner v. Experian Info. Sols. Inc.*, No. 1:13-CV-00010-DBH, 2013 WL 3995166, at *6 (D. Me. Aug. 5, 2013) ("[A] consumer may not bring an action against a furnisher based on the furnisher's initial provision of inaccurate information, but may only bring suit for violation of section 1681s–2(b), after giving the

---

[2] Section 1681s-2(b)(1) creates a duty to investigate a notice of dispute as follows:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>  (i) modify that item of information;
>  (ii) delete that item of information; or
>  (iii) permanently block the reporting of that item of information.

[3] Other violations are exclusively enforced by "the Federal agencies and officials and the State officials identified in section 1681s of this title."

furnisher proper notice of a dispute and an opportunity to comply with subsection (b)"). Indeed, even if a consumer makes a complaint directly to the entity that furnishes information to the CRA, 15 U.S.C. 1681s-2(b) is not triggered. *See Chiang* at 35, n. 8.

Here, Plaintiff does not allege that he ever sent any notice to a consumer reporting agency regarding any incomplete or inaccurate information on his report with any consumer reporting agency. He does not allege that any consumer reporting agency sent any notice to CBNA to request it review the completeness or accuracy of any information regarding the Plaintiff. Therefore, the Plaintiff failed to trigger any duty under 15 U.S.C. § 1681s-2(b), and the *Complaint* fails to allege any cause of action under either 15 U.S.C. §§ 1681n (willful noncompliance) or 1681o (negligent noncompliance).

The *Complaint* also fails to allege that CBNA's conduct caused any damages. *See Complaint*, generally. To the extent Plaintiff has not been damaged by CBNA's accurate reporting, there would not be liability under either 15 U.S.C. §§ 1681n or 1681o.

Moreover, the Complaint demands injunctive relief – that the "account be FULLY REMOVE[D] from the three credit bureaus" – which is not available under the *FCRA*. *See Complaint*, p. 2 (emphasis in original). While there are no controlling First Circuit,[4] the Fifth Circuit and several lower courts have found that borrowers cannot request injunctive relief under *FCRA*, only damages. *See Washington v. CSC Credit Services Inc.*, 199 F.3d 263, 268, 45 Fed. R. Serv. 3d 689 (5th Cir. 2000) (denying availability of injunctive relief); *Hintz v. Experian Information Solutions, Inc.*, 2010 WL 4025061, *6 (E.D. Va. 2010) (finding that injunctive relief is not available to plaintiffs under *FCRA*); *White v. First American Registry, Inc.*, 378 F. Supp. 2d 419 (S.D. N.Y. 2005) ("The absence of any express provision for injunctive relief in [Section]

---

[4] *See Gagnon v. Pennsylvania Higher Educ. Assistance Agency*, No. 1:20-CV-00381-JAW, 2020 WL 7265843, at *3 (D. Me. Dec. 10, 2020) ("the Court declines to resolve whether FCRA plaintiffs may obtain injunctive relief").

1681n and 1681o, coupled with the express authorization of such relief on behalf of federal and state agencies, leads to the unmistakable conclusion that Congress intended to limit injunctive relief to those instances in which it expressly authorized it."); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) (*FCRA* "clearly preclude[s] injunctive relief"). By failing to allege any damages at all, Gagnon has failed to state a claim for any *FCRA* violation.

Therefore, Plaintiff has not set forth any claim under 15 U.S.C. §§ 1681n or 1681o.

### B. Plaintiff has not set forth any breach of contract claim

The Complaint could be contorted to present some form of breach of contract claim. However, such a claim, if even intended, was not sufficiently pleaded.

"A contract is legally enforceable if it is founded upon a meeting of the minds, consideration, and mutuality of obligations." *In re Estate of McPhee*, 2006 ME 38, ¶ 7, 904 A.2d 401, 402. "To qualify as a contract under Maine law, [an agreement] requires consideration to support it, and any promise not supported by consideration is unenforceable." *Canales v. Univ. of Phoenix, Inc.*, 854 F. Supp. 2d 119, 123 (D. Me. Apr. 5, 2012) (concerning employee handbook) *quoting Snow v. BE & K Constr. Co.*, 126 F. Supp. 2d 5, 13 (D. Me. Jan. 3, 2001).

"Settlement agreements are analyzed as contracts, and the existence of a binding settlement is a question of fact. . . . In order to be binding, a settlement agreement requires the mutual intent of the parties to be bound by terms sufficiently definite to enforce." *In re Estate of Snow*, 2014 ME 105, ¶ 11, 99 A.3d 278, 282, *quoting Muther v. Broad Cove Shore Ass'n*, 2009 ME 37, ¶ 6, 968 A.2d 539. "Preliminary negotiations as to the terms of a future agreement do not constitute a contract." *Id.* at ¶ 12, *quoting McClare v. Rocha*, 2014 ME 4, ¶ 20, 86 A.3d 22.

The Complaint alleges that CBNA told Plaintiff that if he "agreed to pay a settlement amount and did so, [CBNA] would REMOVE[] the account from my credit reports." Complaint at 1 (emphasis in original). The Complaint fails to allege any definite terms of the alleged settlement, including the total outstanding balance of the account, the reduced payment amount, deadlines for acceptance or for payment, how the offer was made, whether the offer was accepted, accompanying releases and other material terms of the alleged settlement. Significantly, the *Complaint* does not even indicate that Plaintiff ever made the payment in alleged settlement of the account. Without any allegation that payment made any payment, the *Complaint* fails to allege any consideration for the alleged agreement. Moreover, as CBNA is under an obligation not to report information known to be false, it cannot legally agree to such a term, even as a settlement. See *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010); 15 U.S.C. § 1681s–2(a)(1)(A), (B). Therefore, the Complaint fails to allege the essential elements of an action for breach of contract.

**C.     The Complaint should be dismissed because Plaintiff did not timely file it.**

Rule 3 of the *Maine Rules of Civil Procedure* permits a plaintiff to commence a legal action "by the service of a summons, complaint, and notice regarding Electronic Service" and then filing the same "with the court within 20 days after completion of service." *Me. R. Civ. P.* 3. "If the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice." *Id.* This court previously granted a motion to dismiss under Rule 3 where a plaintiff failed to timely file the complaint after service. *Spickler v. The Garden*, No. 2:14-CV-219-DBH, 2014 WL 3728441, at *2 (D. Me. July 25, 2014).

Here, Plaintiff served the Complaint on CBNA on November 27, 2020. *See* State Court Record. Under Rule 3, the deadline for filing the Complaint in state court was December 17,

2020.  However, Plaintiff did not file the Complaint in Somerset County Superior Court until January 4, 2021.  *Id.*  Therefore, the Complaint should be dismissed for failure to file timely.

WHEREFORE, Defendant Citibank, N.A. moves this Court to dismiss the Complaint.

Respectfully Submitted,

DEFENDANT,
CITIBANK, N.A.

By: */s/ Donald E. Frechette*
    Donald E. Frechette (ME2936)
    Locke Lord LLP
    20 Church Street
    Hartford, CT 06103
    Tel. No. (860) 525-5065
    Fax No. (860) 527-4198
    Email: donald.frechette@lockelord.com
    Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2021, a copy of the foregoing was served, via U.S. mail, postage prepaid, on the following:

Gregory Paul Violette
21 Summer Street
Madison, Maine 04950

By: */s/ Donald E. Frechette*
    Donald E. Frechette, Esq.