UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREGORY PAUL VIOLETTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket no. 1:20-cv-00477-GZS ) |
| CITIBANK N.A., | ) ) |
| Defendant. | ) ) |

**ORDER REMANDING CASE**

Before the Court is the Motion to Dismiss (ECF No. 12) filed by Defendant Citibank N.A. ("CNBA"),[1] which seeks dismissal of pro se Plaintiff Gregory Paul Violette's Complaint (ECF No. 11-2, PageID #s 42–43). Having reviewed the Motion, the related memoranda filed by both parties (ECF Nos. 13 & 14), along with the entire docket, the Court concludes that it lacks subject matter jurisdiction over this removed matter. As a result, the Court REMANDS this action to the state court and concludes that the pending Motion (ECF No. 12) is MOOT.[2]

**I.     LEGAL STANDARDS**

The removal of state court cases to federal court is generally governed by 28 U.S.C. §§ 1441 and 1446. These "removal statutes are strictly construed," and a removing defendant has "the burden of showing the federal court's jurisdiction." Danca v. Private Health Care Sys. Inc., 185 F.3d 1, 4 (1st Cir. 1999) (internal citations omitted). Any doubt as to the propriety of removal

---

[1] The Court notes that, although originally appearing in the caption as "Citi Bank," subsequent to the removal of this matter from state court, Defendant has identified itself in all documents as "Citibank N.A.," see, e.g., Def. Mot. (ECF No. 12), PageID # 75, which Plaintiff has started to shift toward as well, see Pl. Response (ECF No. 14), PageID # 87 ("Citibank, Defendant").

[2] The present matter is one of two nearly identical actions brought by Plaintiff that the Court remands today. See generally Violette v. Capital One Bank (USA), N.A., D. Me. 1:20-cv-00472-GZS.

is resolved in favor of remand. See, e.g., Roselló-González v. Calderón-Serra, 398 F.3d 1, 11 (1st Cir. 2004) ("[A]ny ambiguity as to the source of law relied upon by the . . . plaintiffs ought to be resolved against removal.") (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941)). "The existence of subject-matter jurisdiction is never presumed," Fafel v. DiPaola, 399 F.3d 403, 410 (1st Cir. 2005) (internal quotation marks omitted), and it is "beyond the parties' power to stipulate or confer by waiver of objection if asleep," Macera v. Mortgage Elec. Registration Sys., 719 F.3d 46, 49 (1st Cir. 2013). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

An action filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. See 28 U.S.C. § 1441(a). "This is so because of the 'important federalism concerns at play in considering removal jurisdiction.'" Ortiz-Bonilla v. Federacion de Ajedrez de P.R., Inc., 734 F.3d 28, 34 (1st Cir. 2013) (quoting Roselló-González, 398 F.3d at 11). "Federal courts have [original] jurisdiction 'over two general types of cases: cases that aris[e] under federal law' and 'cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties.'" Industria Lechera De P.R. v. Beiró, 989 F.3d 116, 120 (1st Cir. 2021) (quotation marks omitted) (quoting Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019) (citing 28 U.S.C. §§ 1331, 1332(a))). "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." Home Depot U.S.A., 139 S. Ct. at 1746.

As to diversity jurisdiction's amount-in-controversy requirement, which is of particular relevance in this matter, Judge Nivison described the relevant standard in a recent action involving the same plaintiff and procedural posture:

> Removal of an action based on diversity of citizenship requires the court to consider whether the amount in controversy asserted in the plaintiff's complaint is stated in good faith and, if not, whether the defendant has shown "by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2). If the parties do not dispute the amount in controversy stated in the complaint, the court should consider whether the defendant's notice of removal includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). If a defendant simply repeats the plaintiff's assertion that the amount in controversy exceeds the jurisdiction threshold, without "setting forth, in the removal petition itself, the *underlying facts* supporting [the defendant's] assertion" as to the amount in controversy," a sua sponte remand could be appropriate. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (emphasis in original) (citing Garza v. Bettcher Indus., Inc., 752 F. Supp. 753, 763 (E.D. Mich. 1990))[.]

Violette v. Click Bank, No. 1:20-cv-00412-NT, 2021 U.S. Dist. LEXIS 3294, at *2–3 (D. Me. Jan. 8, 2021) (recommended decision) (Dart Cherokee citation updated), *adopted by* 2021 U.S. Dist. LEXIS 33568 (D. Me. Feb. 23, 2021).

When a removing party asserts federal question jurisdiction as the basis for removal, "a 'colorable' showing that a basis for federal jurisdiction exists" is required. Danca, 185 F.3d at 4. While "there is no mechanical test for determining when an action aris[es] under federal law," Ortiz-Bonilla, 734 F.3d at 34, "[t]he gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry—the 'well-pleaded complaint rule'—which, in general, prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint." BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 831 (1st Cir. 1997). However, this "general rule . . . like virtually every general rule, admits of exceptions." López-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1, 5 (1st Cir. 2014). As relevant here, one important exception is the "artful pleading doctrine" (sometimes referred to as the "complete preemption doctrine"), which empowers courts "to peer beneath the local-law veneer of a plaintiff's complaint in order to glean the true nature of the claims presented." Id. "When such a glimpse reveals that a federal statute entirely displaces" (i.e., completely preempts)

"the local-law causes of action pleaded in the complaint, a hidden core of federal law sufficient to support federal jurisdiction emerges." Id. "In such a case, the plaintiff's claims are deemed 'federal claims in state law clothing and, to defeat artful pleading, the district court can simply "recharacterize" them to reveal their true basis.'" Id. (quoting Negron-Fuentes v. UPS Supply Chain Sols., 532 F.3d 1, 6 (1st Cir. 2008)). "The linchpin of the complete preemption analysis is whether Congress intended that federal law provide the exclusive cause of action for the claims asserted by the plaintiff." Id.

## II.     BACKGROUND

In his pro se Complaint (ECF No. 11-2, PageID #s 42–43), Violette alleges as follows. On or about September 18, 2020, he spoke with CBNA and was told that if he paid a settlement amount, an account would be removed from his credit reports. (Compl., PageID # 42.) On or about October 28, 2020, CBNA told him it "NO LONGER had [his] LL BEAN Mastercard account" and it would be "REMOVING the account from the credit bureaus" within seven to ten days. (Id.) On or about November 19, 2020, however, CBNA informed Violette that it would not "notify the credit bureaus and remove the account fully from the three bureaus," which "was a total reversal from what [Violette] was told in September and October upon making [their] agreement." (Id., PageID # 43.) Due to this reversal, Violette seeks $550,000 in punitive damages as recompense for "Defendant's unfairly dealing with [his] contract and . . . NOT reporting to the three credit bureaus to remove [his] account," as well as attorney's fees, costs, and the removal of the account from his credit reports. (Id.)[3] No reference is made in the Complaint to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., or any other federal law.

---

[3] The Court observes that Plaintiff has sought to recover large punitive damages figures in at least two previous actions, both of which were remanded when his demands were found to be insufficient to support diversity jurisdiction. See Violette v. Click Bank, No. 1:20-cv-00412-NT, 2021 U.S. Dist. LEXIS 3294 (D. Me. Jan. 8, 2021) (recommended decision), adopted by 2021 U.S. Dist. LEXIS 33568 (D. Me. Feb. 23, 2021) (remanding for lack of subject matter

On November 27, 2020, CBNA received the Complaint via certified mail. (State Ct. Record (ECF No. 11-1), PageID # 38.) The Complaint's caption suggested that Violette intended to file it in Maine Superior Court, although he had not yet done so.[4] (See id.; Compl., PageID # 42.)

On December 23, 2020, CBNA removed the as-yet undocketed action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Not. of Removal (ECF No. 1), PageID #s 1–5.) As relevant here, CBNA asserted that Violette's $550,000 punitive damages request served to satisfy the jurisdictional amount for diversity jurisdiction, and, as to federal question jurisdiction, "a well-pleaded complaint would have asserted a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.*" (Id., PageID #s 2–3.) Violette did not oppose the removal.

On January 4, 2021, Violette filed his Complaint in Maine Superior Court. (State Ct. Record, PageID # 38.) On January 19, 2021, CBNA filed the present Motion to Dismiss. (Def. Mot. (ECF. No. 12), PageID #s 75–76; Mem. of Law (ECF No. 13), PageID #s 77–86.)

### III.     DISCUSSION

Defendant moves to dismiss the complaint for (1) failure to state a claim for which relief can be granted, and (2) failure to timely file the Complaint in accordance with Maine Rule of Civil Procedure 3. However, the Court must first assure itself of its subject matter jurisdiction. See

---

jurisdiction); Violette v. CBHH, LLC, No. 2:19-cv-00015-GZS, 2019 U.S. Dist. LEXIS 109606 (D. Me. July 1, 2019) (recommended decision), *adopted by* 2019 U.S. Dist. LEXIS 123080 (D. Me. July 24, 2019) (remanding for lack of subject matter jurisdiction).

[4] Under Maine Rule of Civil Procedure 3, "a civil action is commenced (1) by the service of a summons, complaint, and notice regarding Electronic Service, or (2) by filing a complaint with the court. When method (1) is used, the complaint must be filed with the court within 20 days after completion of service."

Acosta-Ramírez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013) ("Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case."). This is true despite the fact Plaintiff did not object to the removal of the action. See, e.g., Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte.")

As to diversity jurisdiction, "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining [whether the] jurisdictional amount" is met. Bell v. Preferred Life Assur. Soc. of Montgomery, Ala., 320 U.S. 238, 240 (1943) (footnote omitted). Here, Plaintiff demands $550,000 in punitive damages, but his actual damages are undescribed and appear to be de minimis. Indeed, the punitive damages amount is the only figure Defendant cited in its notice of removal. (See Not. of Removal, PageID # 2.)

"[W]hen diversity jurisdiction hinges on a punitive damages claim, a court should scrutinize the punitive damages request closely." Plant v. TD Bank Wealth Mgmt., No. 3:18-cv-30145-MGM, 2019 U.S. Dist. LEXIS 232162, at *8 (D. Mass. Sep. 16, 2019). The punitive damages request in this case cannot sustain such scrutiny. The only cause of action suggested on the face of Plaintiff's Complaint is a breach of contract claim, and "[n]o matter how egregious the breach, punitive damages are unavailable under Maine law for breach of contract." Stull v. First Am. Title Ins. Co., 745 A.2d 975, 981 (Me. 2000) (quoting Drinkwater v. Patten Realty Corp., 563 A.2d 772, 776 (Me. 1989)). It appears to be a legal certainty that the claim is for less than the jurisdictional amount, and, thus, the Court concludes that Defendant has failed to plausibly allege

that the amount in controversy exceeds the jurisdictional threshold.[5] See Dart Cherokee, 574 U.S. at 89. Accordingly, the Court deems the amount-in-controversy requirement unmet and diversity jurisdiction lacking.

As to federal question jurisdiction, Defendant contends in its Notice of Removal that Plaintiff alleged that Defendant "reported false or inaccurate information" and that "[a] well-pleaded complaint *would* have asserted a claim under the Fair Credit Reporting Act." (Not. of Removal, PageID # 3 (emphasis added)). The Court both disagrees and concludes that this does not amount to "a 'colorable' showing that a basis for federal jurisdiction exists." Danca, 185 F.3d at 4. As already noted, Plaintiff's Complaint does not on its face assert a claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, but, rather, a common law contract claim (see generally Compl.). This was Plaintiff's prerogative. The well-pleaded complaint rule directs the Court to consider the claims actually presented within the four corners of the Complaint, not those which it feels a pro se plaintiff ought to have pleaded. See, e.g., Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 17 (1st Cir. 2018) ("[T]he propriety of federal-question jurisdiction must be assayed based on what necessarily appears in the *plaintiff's* statement of [her] own claim in her complaint . . . ." (emphasis added and internal quotation marks omitted)); López-Muñoz, 754 F.3d at 4 (The well-pleaded complaint rule "envisions that the *plaintiff* is master of his complaint." (same alterations)).[6]

---

[5] Although it is not asserted, the Court notes that Plaintiff's demand for attorney's fees also cannot plausibly be alleged to establish the jurisdictional amount because "[a]n award of attorney's fees . . . has long been unavailable to pro se litigants in the First Circuit." Marcello v. Maine, 238 F.R.D. 113, 117 (D. Me. 2006).

[6] The Court observes that Defendant argues in its Motion numerous ways in which it believes Plaintiff has failed to state a claim under the FCRA. See, e.g., Def. Mot., PageID # 83 ("[T]he *Complaint* fails to allege any cause of action under either 15 U.S.C. §§ 1681n (willful noncompliance) or 1681 (negligent noncompliance).") The Court does not envy Defendant the conceptual awkwardness of having to argue that Plaintiff has *failed to assert* an FCRA claim without incidentally suggesting that Plaintiff *has not asserted* an FCRA claim; and yet, given that the Complaint does not reference the FCRA, the very facility with which Defendant argues that an FCRA claim would be meritless has only reinforced the Court's conclusion that Plaintiff has not asserted such a claim.

Nor does the artful pleading doctrine alter the Court's conclusion. In Defendant's Motion, it asserts that any state law claims are preempted by the FCRA.[7] (See Mem. of Law, PageID #s 79–81.) If Plaintiff's complaint stated a claim that sounded in tort, the Court might agree; but the Court construes the Complaint as stating a breach of contract claim and no more. See Roselló-González, 398 F.3d at 11 (construe any doubts in favor of remand). The FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F). However, courts in this Circuit have observed that this provision only purports to preempt inconsistent state laws, whereas breach of contract claims arise from obligations imposed by the contracting parties upon themselves. See Leet v. Cellco P'ship, 480 F. Supp. 2d 422, 431–32 (D. Mass. March 27, 2007) (citing Cipollone v. Liggett Grp., 505 U.S. 504, 526 n.24 (1992) ("[C]ommon understanding dictates that a contractual requirement, although only enforceable under state law, is not 'imposed' by the State, but rather is 'imposed' by the contracting party upon itself.")).[8] Accordingly, the Court concludes that Plaintiff's contract claim is not completely preempted by the FCRA. As a result, the Court finds that it lacks federal question jurisdiction (and, consequently, subject matter jurisdiction) over this Complaint.

---

[7] While the Court acknowledges that complete preemption is distinct from the federal preemption defense Defendant asserts in its Motion, there is nonetheless meaningful overlap here, at least to the extent both implicate the FCRA's express preemption provisions. See López-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1, 5 (1st Cir. 2014) ("Despite its name, complete preemption does not simply play übermensch to the more commonplace defense of federal preemption. The doctrine of complete preemption is conceptually distinct from the doctrine of ordinary (or defensive) preemption: the latter defends against a plaintiff's local-law claims without any jurisdictional ramifications, but the former clears a path—albeit one that is rarely traversed successfully—into federal court.")

[8] See also Rex v. Chase Home Fin. LLC, 905 F. Supp. 2d 1111, 1152 (C.D. Cal. 2012) (holding breach of contract claim not preempted by FCRA); Spencer v. National City Mortg., 831 F. Supp. 2d 1353, 1356, 1364 (N.D. Ga. 2011) (same); Kavicky v. Wash. Mut. Bank, F.A., No. 3:06-cv-01812, 2007 U.S. Dist. LEXIS 33252, at *2 (D. Conn. May 5, 2007) (same).

## IV. CONCLUSION

For the above reasons, the Court hereby REMANDS this action to state court and concludes that Defendant's Motion to Dismiss (ECF No. 12) is MOOT.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 4th day of May, 2021.